CARROLL, DONALD IC., Judge.
The plaintiff in a suit for declaratory and accounting relief has taken this interlocutory appeal from an order entered by the Circuit Court for Okaloosa County denying its motion for a summary decree as to the second cause of action stated in its complaint.
The ultimate question presented for our determination in this interlocutory appeal is whether the plaintiff under our procedural rules is entitled to a summary decree in its favor for the reasons that there exists no genuine issue of a material fact and that the plaintiff is entitled to a summary decree as a matter of law.
The key provision in our procedural rules authorizing the entry of summary judgments and decrees is the provision in Rule 1.510, Florida Rules of Civil Procedure, as amended, that, at a hearing on a party’s motion for a summary judgment or decree, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers'to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In what the plaintiff designates in its complaint as its “second cause of action,” the plaintiff alleges that in 1956 the plaintiff, an agency of Okaloosa County, and the defendant entered into a written contract and an amendment to that contract several months later, providing that the defendant shall have the exclusive property listing for all property under plaintiff’s jurisdiction, which property shall have been by appropriate resolution placed upon the market for leasing to the public, the defendant to receive a 10% realtor’s commission ; that the said contract and amendment purport to grant to the defendant an exclusive franchise for the sale of the real estate owned by the plaintiff for an indefinite period of time without right of termination except “until either party hereto shall become incapacitated or it may be terminated by mutual consent”; that the State Legislature, in creating the plaintiff, failed to authorize the granting of a franchise such as that given the defendant here; and that the said contract and amendment are contrary to public policy in that they purport to grant to an individual monopolistic privileges, and are unconstitutional in that the plaintiff mistakenly exercised powers that had not been properly delegated to it by the Legislature. The plaintiff, finally, prays that the court require an accounting by the defendant of all sums due the plaintiff pursuant to the said contract and amendment and determine that they “are null and void and of no effect and that the defendant is not a representative of the plaintiff or agent thereof.”
In its “motion for summary judgment,” the plaintiff moves, pursuant to the rules of civil procedure, for a summary judgment “under the allegations and answer as to the Second Cause of Action in this Action for reason that there exists no material issue of fact which entitles the defendant to any relief and plaintiff as a matter of law is entitled to Judgment.”
The language just quoted from the plaintiff’s said motion highlights the fatal deficiency in this interlocutory appeal — the *837 impossibility of determining from the file and record before us what the factual issues are between the parties as drawn by their pleadings. While the said motion refers to the issues made by the answer, the defendant’s answer to the “second cause of action” in the plaintiff’s complaint, is nowhere set forth in the record or file before us.
Rule 4.2 of the Florida Appellate Rules, 31 F.S.A. provides that in interlocutory appeals no record on appeal shall be required or permitted other than certified copies of the appeal papers and the judgment or order appealed from but the “appendices shall contain full copies of all pleadings and other parts of the record needed to determine the appeal.” The appendix filed by the appellant herein does not contain a copy of the defendant-appel-lee’s answer and the latter did not file an appendix in this appeal.
Under the above-quoted key provision of Rule 1.510, a summary judgment or decree can be granted only if there is no genuine issue as to any material fact (and if the movant is entitled to such a judgment or decree as a matter of law). It is impossible for this court, or any court, to determine the materiality of a fact without a knowledge of the nature and allegations of the parties’ pleadings.
As in other appeals, the appellant here has the burden of demonstrating that the court abused its judicial discretion in entering the order appealed from. In the state of this record and file, as discussed above, we cannot say that the appellant has demonstrated such abuse.
For the foregoing reasons, we find that this interlocutory appeal lacks substantial merit, and hold that such appeal, pursuant to Rule 4.2, Florida Appellate Rules, must be and it is
Dismissed.
RAWLS, C. J., and WIGGINTON, J., concur.